JOHN B. MCCARTHY, Staff Counsel, State Bar of Wisconsin
You ask my advise as to whether the following set of facts may constitute unauthorized practice of law by a bank's officers or employes:
Where a private hospital, which has purchased residential or apartment-type real estate properties for the purpose of future expansion of its facilities, engages a local banking institution as its agent to manage the properties on a fee basis, and the banking institution utilizes a form lease for *Page 115 
residential and commercial leasing prepared by the hospital's attorney (not WB Form 22-Wisconsin Real Estate Examining Board form), with the bank's officers or employes filling in only the location of the leased premises, name of the lessee and the monthly rental which is predetermined by the owner prior to rental, and the execution of a security deposit form.
It is significant that the hospital's attorney has prepared a form lease for residential and commercial leasing. That function, obviously, when done for another, is the practice of law. The question, then, is whether what the bank's officers or employes do, that is, the filling in of the location, the name of the lessee, the monthly rental, and the security deposit form, constitutes the practice of law within the meaning of sec. 256.30, Stats.
In the case of State ex rel. Reynolds v. Dinger (1961), 14 Wis.2d 193,109 N.W.2d 685, the Supreme Court, which has the exclusive power to regulate the practice of law, concluded that a rule of the Real Estate Brokers' Board, which included provisions allowing the completion and use of standardized forms by brokers in transferring title to real estate, permitted to a limited extent the practice of law by nonlawyers. However, the court refused to declare the rule invalid, even though it affected the practice of law, because it considered the rule a salutary one which in its essentials continued a practice of laymen which the court had long tacitly permitted and which had worked reasonably well.
The court pointed out, however, that whenever in the court's view the public interest required it, the court would discontinue its approval of the practices relating to the practice of law which had been approved in an administrative rule of the Real Estate Brokers' Board.
In the present cases it appears that the officers and employes of the bank are merely filling out forms which have already received the professional attention of the attorney for the principal. Therefore, it can be concluded that, in fact, that attorney is probably responsible for the clerical *Page 116 
functions that are being performed by the bank's officers or employes. Thus, even though those clerical functions might possibly be considered to be within the practice of law, they are not the unauthorized or illegal practice of law within the meaning of the Dinger case.
Thus, I must conclude that if any action was brought against the bank's officers or employes, such action would certainly fail if criminal in nature, and would probably fail if brought in quo warranto in the absence of a showing of "* * * danger and expense to the public in any substantial degree * * *." Dinger, p. 205.
RWW:LLD